```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
SCOTT SAVINO and LUIS COLON,                          :   Case No. 15 Civ. 9451
on behalf of themselves and all others similarly situated,  :
                                                      :   COLLECTIVE ACTION
                              Plaintiffs,             :   COMPLAINT
        - against -                                   :
                                                      :
VISITING NURSE SERVICE OF NEW YORK, and               :
VNSNY CHOICE,                                         :
                                                      :
                              Defendants.             :
---------------------------------------------------------------------- X
```

Plaintiffs Scott Savino and Luis Colon (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys Shulman Kessler LLP complaining of the Defendants Visiting Nurse Service of New York and VNSNY Choice (collectively referred to as "Defendants"), allege as follows:

## PRELIMINARY STATEMENT

1.     This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and their similarly situated co-workers who have worked for Defendants as Community Outreach Coordinators.

2.     Defendants are a not-for-profit insurance company, operating throughout the State of New York.

3.     Defendants offer eligible individuals government based health insurance programs, such as Medicaid.  Defendants employ Community Outreach Coordinators, such as Plaintiffs, to report to local community based organizations in order to distribute information regarding Defendants and the health insurance programs offered during health fairs, galas, and community events.  Plaintiffs are also responsible for requesting permission from community based

organizations so that they may setup promotional tables, decorations, banners, and distribute promotional brochures at community events.

4. While employed by Defendants, Plaintiffs consistently worked over 40 hours per week without receiving premium overtime pay for all the hours they worked. Throughout the relevant period, it was Defendants' policy to deprive Plaintiffs of all of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL" or "N.Y. Lab. Law").  In order to avoid paying Plaintiffs overtime premiums for all of the hours Plaintiffs worked in excess of 40 per workweek, Defendants required their Community Outreach Coordinators to work "off-the-clock."

5. Defendants tracked their Community Outreach Coordinators' hours worked by requiring them to use a computer program that logged their hours worked each week.  Community Outreach Coordinators were not permitted to log any of their overtime hours worked per workweek in this program.

6. After the end of their scheduled hours, Community Outreach Coordinators typically continued to work "off-the-clock" for Defendants throughout the week by reporting on-site before 9:00 a.m. in order to pick-up material and setup an event, and staying after 5:00 p.m. in order to deconstruct the event, which frequently ended after 5:00 p.m.  In addition, Defendants failed to pay overtime when Plaintiffs worked weekend events and/or galas.

7. Defendants were aware of their Community Outreach Coordinators' "off-the-clock" work because Community Outreach Coordinators were required to communicate with their supervisors and advise them of their daily schedules, quotas fulfilled, and hours worked. Defendants' Community Outreach Coordinators were closely monitored by their supervisor who

2

had to authorize events planned by the Community Outreach Coordinators and all scheduled meetings Community Outreach Coordinators had.

8. Plaintiffs also had to report to Defendants' office to input data from each event into the computer system on a web-based site called "Sales Force" so that Defendants could track the amount of leads and/or enrollments that each event their Community Outreach Coordinators setup.

9. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Community Outreach Coordinators of Defendants pursuant to the FLSA.

10. Plaintiffs also seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this action, worked for Defendants as Community Outreach Coordinators.

## JURISDICTION & VENUE

11. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

13. Defendants do business in New York, Bronx, Kings, Queens, Richmond, Westchester, Nassau and Suffolk Counties and maintain a principal place of business at 107 East 70th Street, New York, New York 10021.

14. Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## **THE PARTIES**

*Plaintiffs*

15. Scott Savino is a resident of the County of Bergen, State of New Jersey.

16. At all times relevant to the Complaint, Scott Savino was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

17. At all times relevant, Scott Savino was employed by Defendants as a Community Outreach Coordinator.

18. Scott Savino has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A, annexed hereto).

19. Luis Colon is a resident of the County of Bronx, State of New York.

20. At all times relevant to the Complaint, Luis Colon was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

21. At all times relevant, Luis Colon was employed by Defendants as a Community Outreach Coordinator.

22. Luis Colon has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A, annexed hereto).

*Defendant Visiting Nurse Service of New York*

23. Upon information and belief, Defendant Visiting Nurse Service of New York was and still is a domestic not-for-profit corporation, authorized to do business pursuant to the laws of the State of New York.

24. Upon information and belief, Defendant Visiting Nurse Service of New York maintains control, oversight, and direction over its operations and employment practices.

4

25. At all times hereinafter mentioned, Defendant Visiting Nurse Service of New York was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

26. At all times hereinafter mentioned, the activities of the Defendant Visiting Nurse Service of New York constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

27. At all times hereinafter mentioned, Defendant Visiting Nurse Service of New York employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

28. At all relevant times, Defendant Visiting Nurse Service of New York maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

29. Defendant Visiting Nurse Service of New York applies the same employment policies, practices, and procedures to all Community Outreach Coordinators throughout New York, including policies, practices, and procedures with respect to payment of overtime compensation.

30. Defendant Visiting Nurse Service of New York's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

*Defendant VNSNY Choice*

31. Upon information and belief, Defendant VNSNY Choice was and still is a domestic not-for-profit corporation, authorized to do business pursuant to the laws of the State of

5

New York.

32. Upon information and belief, Defendant VNSNY Choice maintains control, oversight, and direction over its operations and employment practices.

33. At all times hereinafter mentioned, Defendant VNSNY Choice was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

34. At all times hereinafter mentioned, the activities of the Defendant VNSNY Choice constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

35. At all times hereinafter mentioned, Defendant VNSNY Choice employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

36. At all relevant times, Defendant VNSNY Choice maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

37. Defendant VNSNY Choice applies the same employment policies, practices, and procedures to all Community Outreach Coordinators throughout New York, including policies, practices, and procedures with respect to payment of overtime compensation.

38. Defendant VNSNY Choice's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## **FLSA COLLECTIVE ACTION CLAIMS**

39. Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as a Community Outreach Coordinator within the last 3 years and who elect to opt-in to this action.

40. Upon information and belief, there are approximately more than 15 current and former Community Outreach Coordinators that are similarly situated to Plaintiffs who were denied overtime compensation.

41. Plaintiffs represent other Community Outreach Coordinators, and are acting on behalf of Defendants' current and former Community Outreach Coordinators' interests as well as their own interests in bringing this action.

42. Defendants unlawfully required Plaintiffs and all individuals employed as Community Outreach Coordinators to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

43. Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All Community Outreach Coordinators who are currently or have been employed by Defendants (hereinafter referred to as the "FLSA Collective") at any time during the 3 years prior to the filing of their respective consent forms.

44. Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiffs and the FLSA Collective, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendants suffered or permitted them

to work in excess of 40 per workweek. Upon information and belief, Defendants applied the same unlawful policies and practices to their Community Outreach Coordinators.

45.     The FLSA Collective is readily identifiable and locatable through the use of the Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FLSA COLLECTIVE CLASS FACTUAL ALLEGATIONS

46.     Plaintiffs and the members of the Collective Class have been victims of Defendants' common policy and plan that has violated their rights under the FLSA by requiring Community Outreach Coordinators to work "off-the-clock" and denying them overtime compensation for all overtime hours worked. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

47.     All of the work performed by the Collective Members was assigned by Defendants and/or Defendants were aware of all the work that Plaintiffs and Collective Members performed.

48.     Upon information and belief, Defendants have a policy and pattern or practice to require Plaintiffs and the Collective Members to work in excess of 8 hours per workday and requiring Plaintiffs and the Collective Members to work on weekends.

49.     Plaintiffs and the Collective Members lacked independent discretion and judgment in the performance of their job duties.

50. Defendants failed to pay Plaintiffs and the Collective Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA.

51. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA. Defendants' policy and pattern or practice includes but is not limited to:

   a. Willfully failing to record all of the time that Plaintiffs and the their Community Outreach Coordinators worked for the benefit of Defendants;

   b. Willfully denying Plaintiffs and their Community Outreach Coordinators the ability to record any and all "off-the-clock" work completed for the benefit of Defendants;

   c. Willfully requiring Plaintiffs and the Collective Members to work "off-the-clock;"

   d. Willfully failing to keep payroll records as required by the FLSA and NYLL; and,

   e. Willfully failing to pay their employees, including Plaintiffs and the Collective Members overtime wages for hours that they worked in excess of 40 per workweek.

52. Defendants were or should have been aware that the FLSA required it to pay their Collective Members premium overtime pay for all hours worked in excess of 40 per week.

53. Defendants' failure to pay Plaintiffs and the Collective Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

54. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

*Scott Savino*

55. Scott Savino was employed by Defendants from in or about December 2009 until in or about December 2014 as a Community Outreach Coordinator.

56. Scott Savino was an employee of Defendants, working under their direct supervision.

57. At all times hereinafter mentioned, Scott Savino was required to be paid overtime pay at the statutory rate of 1 and ½ his regular rate of pay after he had worked 40 hours in a workweek.

58. During most workweeks between in or about December 2009 and in or about December 2014, Scott Savino worked more than 65 hours per week for Defendants.

59. Defendants failed to compensate Scott Savino for all of the time worked in excess of 40 hours per week at a rate of at least 1 and ½ times his regular hourly rate, throughout the entire term of his employment with Defendants.

60. Defendants failed to furnish Scott Savino with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

61. Defendants failed to furnish Scott Savino with an accurate wage notice.

62. Upon information and belief, Defendants did not keep accurate records of hours worked by Scott Savino.

*Luis Colon*

63. Luis Colon was employed by Defendants from in or about March 2013 until in or about November 2013 as a Community Outreach Coordinator.

64. Luis Colon was an employee of Defendants, working under their direct supervision.

65. At all times hereinafter mentioned, Luis Colon was required to be paid overtime pay at the statutory rate of 1 and ½ his regular rate of pay after he worked 40 hours in a workweek.

66. During most workweeks between in or about March 2013 and in or about November 2013, Luis Colon worked more than 65 hours per week for Defendants.

67. Defendants failed to compensate Luis Colon for all of the time worked in excess of 40 hours per week at a rate of at least 1 and ½ times his regular hourly rate, throughout the entire term of his employment with Defendants.

68. Defendants failed to furnish Luis Colon with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

69. Defendants failed to furnish Luis Colon with an accurate wage notice.

70. Upon information and belief, Defendants did not keep accurate records of hours worked by Luis Colon.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72. Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

73. Defendants employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

74. Plaintiffs have expressed their consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

75. Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

76. Because Defendants' violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

77. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime
**(Brought on behalf of Plaintiffs)**

78. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendants employed Plaintiffs for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of NYLL.

80. By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

81. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs.

82. Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs.

83. Defendants' failure to pay overtime compensation to Plaintiffs was willful within the meaning of N.Y. Lab. Law § 663.

84. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the Defendants' unlawful and willful conduct, as the Court deems just and proper.

85. Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

## THIRD CAUSE OF ACTION
### NYLL – Notice and Record-Keeping Requirement Violation
**(Brought on behalf of Plaintiffs)**

86.    Plaintiffs reallege and incorporate by reference herein all allegations in all preceding paragraphs.

87.    Defendants failed to supply Plaintiffs notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88.    Defendants failed to supply Plaintiffs with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

89.    Due to Defendants' violations of N.Y. Lab. Law § 195, Plaintiffs are each entitled to damages of $50 for each workweek that Defendants failed to provide a wage notice, or a total of $2,500 per class member, and damages of $100 for each workweek that Defendants failed to

provide accurate wage statements, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, seek for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as Community Outreach Coordinators, or similarly situated positions. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D. Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

E. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F. Designation of Plaintiffs as representative of the Rule 23 Class, and counsel of record as Class Counsel;

G. Pre-judgment interest and post-judgment interest as provided by law;

H. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

I. Attorneys' fees and costs of the action;

J. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq*.;

K. An injunction requiring Defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190 *et seq*.;

L. Appropriate monetary relief for lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d);

M. Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d);

N. Reasonable incentive awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the Class and for the risks they took in doing so; and

O. Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
December 3, 2015

Respectfully submitted,

By:  */s/ Marijana Matura*
Marijana Matura

**SHULMAN KESSLER LLP**
Troy L. Kessler
Marijana Matura
Garrett Kaske
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100

*Attorneys for Plaintiffs and the
Putative FLSA Collective Class*