.

# COLLAZO FLORENTINO & KEIL LLP

**747 THIRD AVENUE**
**NEW YORK, NEW YORK 10017-2803**
**(212) 758-7600**

ERNEST J. COLLAZO
TONIANNE FLORENTINO
JOHN P. KEIL

OF COUNSEL:
   HON. LUIS GONZALEZ

AMANDA M. BAKER
NICK BAUER
KRISTINA GRIMSHAW

SR. COUNSEL
   PHILIP F. REPASH

————

**Fax: (212) 758-7609**
**http://www.cfk-law.com**

DIRECT DIAL:

   (212) 758-1078

DIRECT E-MAIL:
   prepash@cfk-law.com

**Via E-mail to Torres_NYSDChambers@nysd.uscourts.gov and ECF**

May 27, 2016

Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    Savino et al. v. Visiting Nurse Service of New York, et al. (15-CV-9451)

Dear Judge Torres:

We represent Defendants Visiting Nurse Service of New York and VNS CHOICE (collectively, "Defendants") in the above-captioned matter. We write in response to Plaintiffs' May 20, 2016, letter motion (the "Letter Motion") requesting a pre-motion conference to move for conditional certification pursuant to 29 U.S.C. § 216(b).

First, Defendants question whether Plaintiffs would be able to demonstrate that they are "similarly situated" to any opt-in plaintiffs. Plaintiffs state in the Letter Motion that they will rely on the pleadings in this case and on declarations to satisfy their burden for conditional certification. As to Plaintiffs' pleadings, a review of them reveals that they contain mere conclusory assertions that Plaintiffs and potential opt-in plaintiffs are "similarly situated." As to Plaintiffs' proposed declarations, since they have not yet been filed or produced to Defendants, Defendants cannot assess whether they will be sufficient to meet Plaintiffs' evidentiary burden or whether they, too, will consist of little more than "unsupported assertions." *See Amador v. Morgan Stanley & Co. LLC*, 2013 U.S. Dist. LEXIS 19103 (S.D.N.Y. Feb. 7, 2013) (noting that

"unsupported assertions" are insufficient for plaintiffs to meet their burden on conditional certification).[1]

Second, Defendants respectfully submit that, even assuming, *arguendo*, that Plaintiffs could succeed on a motion for conditional certification, the Letter Motion's request to obtain information from Defendants relating back to December 3, 2012 is inappropriate. Case law cited in the Letter Motion itself does not support such an expansive look-back period. Rather, the look-back period is measured from the date of the order granting conditional certification or from the date notice is sent to potential opt-in plaintiffs. *See, e.g.*, *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007) (ordering defendant to produce a list of all special investigators employed by defendant "from three years prior *to the date of this order* to the present") (emphasis added); *see also In re Penthouse Exec. Club Comp. Litig.,* 2010 U.S. Dist. LEXIS 114743, *16 n.4 (S.D.N.Y. Oct. 27, 2010) ("[I]t is appropriate at this stage for the plaintiffs to provide notice to all dancers who worked at the Penthouse Executive Club within three years *of the sending of the notice* to conform as closely to 29 U.S.C. § 256 as possible.") (emphasis added).

Finally, Plaintiffs' request for the e-mail addresses of potential opt-in plaintiffs is also inappropriate. *See, e.g.*, *Hanming Feng v. Soy Sauce LLC*, 2016 U.S. Dist. LEXIS 32820, *22 (E.D.N.Y. Mar. 14, 2016) (denying request for, *inter alia*, production of e-mail addresses as unnecessary and potentially in violation of the employees' privacy rights).

For these reasons, Defendants are doubtful that Plaintiffs will be able to satisfy their burden for conditional certification and thus reserve their right to fully oppose any such motion, if allowed by the Court.

Respectfully Submitted,

*Philip Repash*

Philip F. Repash

---

[1] It is also unclear how Plaintiff Luis Colon could possibly allege that he was "similarly situated" to potential opt-ins who were employed by Visiting Nurse Service of New York, since he himself was never employed by Visiting Nurse Service of New York.