UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x
                                                        :
SCOTT SAVINO and LUIS COLON,                            :
On behalf of themselves and all others similarly situated :
                                                        :
                                    Plaintiffs,         :      15.Civ.9451 (AT) (HBP)
                                                        :
            v.                                          :
                                                        :
                                                        :
VISITING NURSE SERVICE OF NEW YORK and                  :
VNS CHOICE,                                             :
                                    Defendants.         :
—————————————————————————x


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR
CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE
<u>PURSUANT TO SECTION 216(b) OF THE FLSA</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT...................................................................................................................... 2

     I.      Plaintiffs' Proposed Collective is Overly Broad Temporally ................................. 2

     II.     Posting of the Notice at VNS CHOICE's Office is Unwarranted .......................... 3

     III.    Plaintiffs' Proposed Forms of Notice are Highly Improper, Prejudicial and
            Inaccurate ...................................................................................................... 5

           A.   The Notice of Pendency Contains Multiple Flaws........................................... 5

           B.   The Consent Form Only Seeks Consent Against One Defendant ................... 9

           C.   The Text of the Reminder Notice Must be Amended ..................................... 9

     IV.    Courts Routinely Order Parties To Meet and Confer Concerning the Form and
            Content of Notices ......................................................................................... 11

CONCLUSION................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Agerbrink v. Model Serv. LLC,*
2016 U.S. Dist. LEXIS 12486 (S.D.N.Y. Feb. 2, 2016) ............................................................ 4, 10

*Apolinar v. R.J. 49 Rest., LLC,*
2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016) ............................................................ 11

*Calderon v. GEICO Gen. Ins. Co.,*
2011 U.S. Dist. LEXIS 2815 (D. Md. Jan. 12, 2011) ................................................................... 5

*Capsolas v. Pasta Res., Inc.,*
2011 U.S. Dist. LEXIS 49926 (S.D.N.Y. May 9, 2011) ............................................................... 4

*Chhab v. Darden Rests., Inc.,*
2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sept. 19, 2013) .................................................. 4, 7, 10

*Diaz v. S&H Bondi's Dep't Store, Inc.,*
2012 U.S. Dist. LEXIS 5683 (S.D.N.Y. Jan. 17, 2012) ............................................................. 2, 8

*Feng v. Soy Sauce LLC,*
2016 U.S. Dist. LEXIS 32820 (E.D.N.Y. Mar. 14, 2016) .......................................................... 2, 8

*Flood v. Just Energy Mktg. Corp.,*
2016 U.S. Dist. LEXIS 9667 (S.D.N.Y. Jan. 25, 2016) ............................................................... 11

*Martin v. Sprint/United Mgmt. Co.,*
2016 U.S. Dist. LEXIS 352 (S.D.N.Y. Jan. 4, 2016) .............................................................. 2, 8, 9

*Mazur v. Olek Lejbzon & Co.,*
2005 U.S. Dist. LEXIS 30321 (S.D.N.Y. Nov. 30, 2005) ...................................................... 2, 9, 10

*McBeth v. Gabrielli Truck Sales, Ltd.,*
768 F. Supp. 2d 396 (E.D.N.Y. 2011) ......................................................................................... 6

*Mohamed v. Sophie's Cuban Cuisine, Inc.,*
2015 U.S. Dist. LEXIS 126012 (S.D.N.Y. Sept. 21, 2015) ....................................................... 2, 4

*Romero v. ABCZ Corp.,*
2015 U.S. Dist. LEXIS 58765 (S.D.N.Y. Apr. 28, 2015) ........................................................ 9, 10

*Rosario v. Valentine Ave. Disc. Store, Co.,*
828 F. Supp. 2d 508 (E.D.N.Y. 2011) ....................................................................................... 2, 8

*Schear v. Food Scope Am., Inc.,*
297 F.R.D. 114 (S.D.N.Y. 2014) ................................................................................................. 9

*Shajan v. Barolo*,
2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010) ........................................................... 2, 4

**PRELIMINARY STATEMENT**

Plaintiffs Scott Savino and Luis Colon (collectively, "Plaintiffs") and Naama Francois and Natasha Barbara (collectively, "Opt-In Plaintiffs"), have moved for conditional certification of the following putative collective: All Community Outreach Coordinators ("COCs") "who were employed by Defendants employed [sic] from December 2, 2012 to the present in the State of New York." (Pls.' Mem. of Law at p. 6) (the "Putative Collective").  Plaintiffs and Opt-In Plaintiffs also seek the Court's approval of their proposed Notice of Pendency, Consent Form, and Reminder Notice and ask the Court to require Defendants Visiting Nurse Service of New York ("VNSNY") and VNS CHOICE (collectively, "Defendants") to produce certain contact information for all COCs who have worked for Defendants at any time since December 3, 2012.

While Defendants recognize that Plaintiffs must only satisfy a "minimal burden" to obtain conditional certification, Plaintiffs' instant Motion contains numerous legal and factual problems that nonetheless warrant limiting the scope of the Putative Collective they propose and denial of their requests regarding notice.  Specifically, and as set forth in more detail below, Defendants respectfully request that the Court limit the temporal scope of the Putative Collective proposed by Plaintiffs, deny their request to post notices at Defendants' business offices, and deny their request to utilize the Notice of Pendency, Consent Form, and Reminder Notice attached to their motion papers.  Defendants further request that the Court order the parties to meet and confer to devise mutually acceptable and accurate forms of notice, consistent with the legal points set forth herein, or, in the alternative, that the Court amend the proposed Notice, Consent Form, and Reminder Notice in accordance with Defendants' objections.

1

## ARGUMENT

**I.      Plaintiffs' Proposed Collective is Overly Broad Temporally**

Plaintiffs request that the Court conditionally certify a collective of "All COCs who were employed by Defendants employed [sic] from December 2, 2012 to the present in the State of New York." (Pls.' Mem. of Law at p. 6).  As an initial matter, Plaintiffs' original Complaint was not filed until December 3, 2015, and thus it is unclear why Plaintiffs request that the proposed three-year lookback period begin on December 2, 2012. However, and in any event, such an expansive lookback period is inappropriate. Ample case law in this Circuit makes clear that notice should be sent to individuals who were employed within three years of the date of the Court's order on conditional certification or within three years of the mailing of the notice. *See Martin v. Sprint/United Mgmt. Co.*, 2016 U.S. Dist. LEXIS 352, at *52 (S.D.N.Y. Jan. 4, 2016) (notice directed to all individuals employed by defendant within three years of issuance of court approved notice); *Mohamed v. Sophie's Cuban Cuisine, Inc.*, 2015 U.S. Dist. LEXIS 126012, at *14 (S.D.N.Y. Sept. 21, 2015) (same); *see also Feng v. Soy Sauce LLC*, 2016 U.S. Dist. LEXIS 32820, at **17–18 (E.D.N.Y. Mar. 14, 2016) (notice directed to individuals who worked at defendant within three years of the date of the Court's order); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 519 (E.D.N.Y. 2011); (same); *Diaz v. S&H Bondi's Dep't Store, Inc.*, 2012 U.S. Dist. LEXIS 5683, at *24 (S.D.N.Y. Jan. 17, 2012) (same); *Shajan v. Barolo*, 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) (same); *Mazur v. Olek Lejbzon & Co.*, 2005 U.S. Dist. LEXIS 30321, at *21 (S.D.N.Y. Nov. 30, 2005) (same).

Here, Plaintiffs and Opt-In Plaintiffs have not argued that the statute of limitations should be tolled, nor can they demonstrate that this is the "rare and exceptional circumstance[ ]. . . where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Martin*, 2016 U.S. Dist. LEXIS 352, at *52 (internal quotations and citations omitted).   Indeed,

Ms. Francois and Ms. Barbara have filed notices of consent to sue VNSNY even though the proposed notice has not yet been circulated. Therefore, Defendants respectfully submit that the collective should only be conditionally certified as to all COCs who were employed by either of the Defendants three years prior to the date of the Court's Order or the date the Notice is mailed. Additionally, notice should only be directed to, and information provided about, individuals employed within this same time period.

Plaintiffs' proposed expansive lookback period is further unwarranted in this case because Plaintiffs' case theory has dramatically changed since their initial Complaint was filed on December 3, 2015.  From that point until April 13, 2016, through two amended complaints, Plaintiffs' theory of the case was that the COCs were properly classified as "non-exempt" from overtime under the FLSA, but not paid for "off-the-clock" work.  In the Third Amended Complaint, however, Plaintiffs drastically altered their theory to now claim that Plaintiffs have been at all times misclassified as "exempt" from overtime.  As such, Defendants did not have notice of Plaintiffs' claims until April 14, 2016, when the Third Amended Complaint was filed. Plaintiffs therefore cannot claim that the equities counsel toward tolling the statute of limitations in this case to the initially filed complaint on December 3, 2015.

## II.     Posting of the Notice at VNS CHOICE's Office is Unwarranted

Plaintiffs request posting of the Proposed Notice and Consent Form "in a conspicuous location inside Defendants' offices in an area frequented by COCs."  (Pls.' Mem. of Law at p. 11).

As an initial matter, Plaintiffs continue to ignore the fact that Defendant VNSNY and Defendant VNS CHOICE are two legally separate corporate entities. Specifically, VNS CHOICE is a subsidiary of VNS Continuing Care Development Corporation, which is a subsidiary of VNSNY. *See* Dkt. No. 18.  All COCs work for VNS CHOICE, not VNSNY.

(Defs.' Ex. A, Fonseca Decl. at ¶ 6).  As such, Plaintiffs' request to post notice at "Defendants'

offices" is clearly overbroad and improper.

Moreover, despite Plaintiffs' claim that posting of notice is regularly approved, courts

routinely hold that such posting is not required absent a showing that other forms of notice, such

as First Class Mail, are ineffective. *See Mohamed*, 2015 U.S. Dist. LEXIS 126012, at \**13–14

("[A]bsent a showing that many notices were returned as undeliverable, courts have refused to

require posting of a collective action notice in the workplace"); *Capsolas v. Pasta Res., Inc.*,

2011 U.S. Dist. LEXIS 49926, at \*16 (S.D.N.Y. May 9, 2011) (denying plaintiffs' request to

post notice because "it is premature to conclude that mailed notice will prove ineffective").

Additionally, courts have held that posting notice is unnecessarily duplicative where plaintiffs

receive substantial contact information concerning the potential opt-in plaintiffs.  *See, e.g.*,

*Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, at \*51 (S.D.N.Y. Sept. 19, 2013)

(denying request to post notice where defendants provided sufficient contact information for

potential plaintiffs); *Shajan*, 2010 U.S. Dist. LEXIS 54581, at \*5 ("Since all current employees

will be receiving the notice, there is no need to require defendants to post the notice in the

workplace."). Here, Plaintiffs have requested the names, addresses, telephone numbers, and

personal e-mail addresses of all potential members of the putative collective.  It is therefore

entirely premature for Plaintiffs to claim that sending notice to potential opt-in plaintiffs via

these others modes of communication would be ineffective.

Finally, posting of notice is particularly unnecessary where, as here, any potential opt-in

plaintiffs spend the majority of their time working away from their employer's office. *See*

*Agerbrink v. Model Serv. LLC,* 2016 U.S. Dist. LEXIS 12486, at \*26 (S.D.N.Y. Feb. 2, 2016)

(posting notice is unnecessary where current employees only visit the potential posting area

when they have been contacted by the employer and will likely receive notice through e-mail and mail); *see also Calderon v. GEICO Gen. Ins. Co.*, 2011 U.S. Dist. LEXIS 2815, at *24 (D. Md. Jan. 12, 2011) (denying plaintiffs' request to post notice in defendant's offices because most of the potential opt-in plaintiffs worked remotely, making posted notices "unnecessarily intrusive while concomitantly serving little purpose").  Here, the COCs spend most of their working time in the community away from VNS CHOICE's business offices, and a posted notice would therefore be superfluous.  (S*ee* Defs.' Ex. A, Fonseca Decl. at ¶ 7).

For these reasons, Plaintiffs' request to post notices at VNS CHOICE's business offices is entirely unwarranted and should be denied.

**III.    Plaintiffs' Proposed Forms of Notice are Highly Improper, Prejudicial and Inaccurate**

Along with their motion, Plaintiffs and Opt-In Plaintiffs have submitted a Proposed Notice of Pendency (Pls.' Ex. E); a Proposed Opt-In Consent Form (Pls.' Ex. F); and a Proposed Reminder Notice (Pls.' Ex. G).   Defendants object to the content of these documents and respectfully submit that they should be amended accordingly.

A.      The Notice of Pendency Contains Multiple Flaws

Plaintiffs' proposed Notice of Pendency is rife with substantial defects.

First, the Notice states that Plaintiffs are seeking to represent all COCs who were employed by Defendants at any time since December 3, 2012.  This is entirely too expansive a lookback period. As set forth above, notice is typically directed to individuals who were employed within three years of the date of the Court's order on conditional certification or within three years of the mailing of the notice. *See* Section I, *supra*.

Second, the Notice repeatedly refers to this lawsuit as a "collective action lawsuit," explicitly asserting that "[t]he lawsuit is proceeding as a collective action" and that "[t]he Court

has authorized this case to proceed as a collective action under Section 216(b) . . . ."  (Pls.' Ex. E at pp. 1–2).  This language does not indicate to potential opt-in plaintiffs that the certification is merely conditional and that the Court may decertify the conditional collective following discovery.  Therefore, the language should be amended throughout the Notice to indicate that the certification of the collective is merely conditional.

Third, the Plaintiffs provide a misleading summary of their own case.  In their Third Amended Complaint, Plaintiffs changed their theory of the case from an "off-the-clock" claim to a misclassification claim.  Yet nowhere in the Notice does it state that Plaintiffs are alleging that the COCs were misclassified as exempt.  Instead, Plaintiffs utilize language that would lead a potential opt-in plaintiff to believe that if he or she worked more than 40 hours in a workweek, he or she should have been paid overtime. Such phraseology is clearly geared toward encouraging more individuals to opt-in to the litigation.  Instead, the answer to Question 2, "What is this lawsuit about?" should be amended to reflect that the lawsuit alleges that the COCs were improperly classified as exempt employees and may be entitled to overtime pay for all hours worked over 40 in a workweek under federal law.[1]

Relatedly, Plaintiffs' statement of Defendants' position is also incomplete and misleading.  Although Defendants do assert that all COCs were fairly and lawfully compensated, this statement of Defendants' position fails to address the crux of the case, namely that the COCs were fully and lawfully compensated *as exempt employees*.  Moreover, the use of the term

---

[1] Plaintiffs' proposed Notice also discusses state law; however, Plaintiffs are moving only for conditional certification of a collective action under the FLSA, not certification of a class based on state law claims.  As such, any references to state law claims should be removed. *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011)  ("[S]ince the notice period will not encompass any state law claims, there is no reason to include reference to the pending state law claims in the Notice of Pendency.").

"fairly" seems deliberately designed to enflame emotions and encourage potential opt-in plaintiffs to join the litigation.   The issue is not whether the compensation was "fair," as employees can believe they are not fairly paid for any number of reasons.   Rather, the issue is whether COCs received all compensation owed to them under governing law.   Therefore, in answer to Question 5, "What is the Defendants' position?", the Notice should reflect that Defendants contend that COCs were properly classified as exempt employees, were fully compensated for all hours worked, and are not entitled to any overtime pay.

Fourth, the proposed Notice inappropriately uses boldface and underlining to emphasize that the potential opt-in plaintiffs should join in the litigation.   For example, the text "A collective action lawsuit may affect your legal rights" on page one of the notice is bolded, underlined, and in a larger font.   Similarly, the statement on page one: "If you wish to be included, you must complete and return the Consent to Join form at the end of this Notice" is bolded and underlined for emphasis.   Plaintiffs' own authority notes that "such emphasis is promotional and improper. All language in the notice is important and should be equally emphasized." *Chhab*, 2013 U.S. Dist. LEXIS 135926, at *50.

Fifth, Plaintiffs' proposed Notice does not adequately make clear that any potential opt-in plaintiffs are not required to accept Plaintiffs' counsel as their own.   In response to Question 12, "Do I have a lawyer in this case?", the Notice states that if a potential opt-in plaintiff decides to join the lawsuit "you *will be represented* by Plaintiffs' attorneys." (Pls.' Ex. E at p. 4) (emphasis added).   Nowhere in the response to this question does it state that the potential opt-in plaintiffs are not required to accept Shuman Kessler as their representative.   Moreover, under Question 13 "Should I get my own lawyer?", potential opt-in plaintiffs are told that they "do not need to hire your own lawyer because the Plaintiffs' attorneys will be working on your behalf."   Although the

Notice then states that a potential opt-in plaintiff is *permitted* to retain his or her own lawyer, given the admonition that such a step is not needed, and the affirmative declaration that Shulman Kessler will represent the opt-in in this action, it is not at all clear from the Notice that potential opt-in plaintiffs may choose their own counsel.  *Cf. Rosario*, 828 F. Supp. 2d at 525 (notice explicitly contains a section entitled "To Join the Lawsuit and Not Be Represented by Plaintiff's Counsel"); *Diaz*, 2012 U.S. Dist. LEXIS 5683, at *29 (containing similar section in notice). Therefore, Defendants respectfully submit that, in answer to Questions 12 and 13, the Notice affirmatively state: "You are not required to accept Plaintiffs' counsel as your own and may retain your own lawyer to represent you." *See Martin*, 2016 U.S. Dist. LEXIS 352, at *55.

Sixth, the proposed Notice also requires potential opt-in plaintiffs to return the signed consent forms to Plaintiffs' counsel.  However, given the strong language in Plaintiffs' proposed notice emphasizing that Plaintiffs' counsel *will* represent the opt-in plaintiffs, such a practice would not be appropriate as it "implicitly discourages opt-in plaintiffs from selecting other counsel."  *Rosario*, 828 F. Supp. 2d at 521 (internal quotations omitted); *see also Feng*, 2016 U.S. Dist. LEXIS 32820, at **20–21 (notice should direct opt-in plaintiffs to file their consent forms with the Clerk of the Court); *Diaz*, 2012 U.S. Dist. LEXIS 5683, at *24 (same). Accordingly, Defendants respectfully submit that the consent forms should be filed with the Clerk of the Court who will file them electronically on ECF.

Finally, the requested notice does not make clear that Plaintiffs are not necessarily entitled to a monetary recovery in this case or that the claim is not necessarily meritorious. Therefore, under the section "What are the Plaintiffs asking for?", Defendants submit that the Plaintiffs should be required to include language stating that "This notice does not mean that you have a valid claim or that you are entitled to any monetary recovery.  Any such determination

8

must still be made by the Court.  The Court has not yet made any determination as to the merits

of this case." *See Mazur*, 2005 U.S. Dist. LEXIS 30321, at \*\*20-21; *see also Martin*, 2016 U.S.

Dist. LEXIS 352, at \*55.  Relatedly, on the first page, the proposed Notice contains a boldfaced,

capitalized and underlined statement, as well as a separate italicized statement, asserting that this

is a "court-authorized notice." (Pls.' Ex. E at p. 1).  Such references are improper and should be

removed as they contain "a certain specter of authority which may imply more court sponsorship

than appropriate." *See Romero v. ABCZ Corp.*, 2015 U.S. Dist. LEXIS 58765, at \*9 & n.2

(S.D.N.Y. Apr. 28, 2015) (J. Torres) (internal quotations omitted); *Schear v. Food Scope Am.,*

*Inc.*, 297 F.R.D. 114, 128 & n.5 (S.D.N.Y. 2014) (J. Torres) (same).

        B.      The Consent Form Only Seeks Consent Against One Defendant

Plaintiffs' proposed Consent Form is also clearly deficient.  Although Plaintiffs have

purportedly brought the instant action against two separate corporate entities, Visiting Nurse

Service of New York and VNS CHOICE,  the consent form states that the individual opt-in

plaintiff is only consenting "to be a party plaintiff in a lawsuit against Visiting Nurse Service of

New York."  (*See* Pls.' Ex. F).

The consent forms currently submitted to the Court for Plaintiffs and putative Opt-In

Plaintiffs also suffer from this same defect and, as such, do not toll the statute of limitations

against VNS CHOICE.  *See* Dkt. Nos. 4-1; 13; 14.  To toll the statute of limitations and validly

bring claims against VNS CHOICE, Plaintiffs and the putative Opt-In Plaintiffs would need to

(1) amend their own consent notices so that they are filed against the correct legal entities and (2)

amend the draft consent notice in the same manner.

        C.      The Text of the Reminder Notice Must be Amended

The proposed Reminder Notice contains many of the same problems as the proposed

Notice of Pendency.  (*See* Pls.' Ex. G).  For example, the Reminder Notice refers to this action as

a collective action, without any indication that the collective is merely conditional at this stage. The Reminder Notice also contains numerous instances of boldfaced, underlined, and large size type, which is promotional and improper. *See Chhab*, 2013 U.S. Dist. LEXIS 135926, at **49–50. The Reminder Notice states that potential opt-in plaintiffs *must* join the lawsuit to "be eligible to collect unpaid wages," but gives no indication that the potential opt-in plaintiffs may not have valid claims and, thus, may not be entitled to any recovery whatsoever. *See Mazur*, 2005 U.S. Dist. LEXIS 30321, at **20–21.[2] Further, potential opt-in plaintiffs may individually pursue claims against Defendants with separate legal counsel (or no counsel at all). Thus, the language should be amended to inform potential opt-in plaintiffs that they may obtain their own legal counsel and/or proceed individually.

Relatedly, the Reminder Notice does not contain a statement noting that the Court does not encourage or discourage participation in the lawsuit. *See Agerbrink,* 2016 U.S. Dist. LEXIS 12486, at **27–29 (ordering that reminder notice include "language indicating that the Court does not encourage or discourage participation in the collective action"). Indeed, the Reminder Notice contains directly contrary language, referring the potential opt-in plaintiffs back to the "Court-Authorized Notice." *See Romero*, 2015 U.S. Dist. LEXIS 58765, at *9, n.2 ("Plaintiff shall also delete [the] language [regarding Court Authorized Notice] from the proposed deadline reminder letter."). Therefore, Defendants respectfully submit that the Reminder Notice should be amended to remove the reference to "Court-Authorized Notice" and to include language stating that the Court does not encourage or discourage participation in this action.

---

[2] It is also unclear why, on page two of the Reminder Notice, the Defendants' names appear above Shulman Kessler's name and address. Such an inclusion is improper and gives the appearance that the Reminder Notice is being sent by, or on behalf of, Defendants.

10

**IV.      Courts Routinely Order Parties To Meet and Confer Concerning the Form and Content of Notices**

Defendants respectfully request that the Court follow the well-established procedure of ordering the parties to meet and confer to devise mutually acceptable and accurate notices. *See Flood v. Just Energy Mktg. Corp.*, 2016 U.S. Dist. LEXIS 9667, at *14 (S.D.N.Y. Jan. 25, 2016) (J. Torres) (granting defendants' request that the parties engage in a meet-and-confer session to negotiate appropriate notice); *see also Apolinar v. R.J. 49 Rest.*, *LLC*, 2016 U.S. Dist. LEXIS 65733, at **27–28 (S.D.N.Y. May 18, 2016) (same).   This course of action is particularly warranted in light of the fact that multiple aspects of Plaintiffs' proposed notices are patently improper, unfairly prejudicial, and/or entirely inaccurate as set forth above.

Accordingly, Defendants respectfully request that the Court direct the parties to submit mutually agreeable notice within 45 days of the Court's Order.  If the parties are unable to reach complete agreement, the parties should be required to submit a joint letter to the Court by the same date, in which they identify the precise issues on which disagreement remains and set forth their respective positions on those issues.  In the alternative, Defendants request that the Court amend the aforementioned documents to correct the numerous deficiencies identified herein.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court (i) limit the scope of the Putative Collective proposed by Plaintiffs to the date of the Court's Order or date of mailing of the Notice, (ii) deny Plaintiffs' request to post notices at Defendants' business offices, and (iii) deny Plaintiffs' request to utilize the Notice of Pendency, Consent Form, and Reminder Notice attached to their motion papers.  Defendants further request that the Court order the parties to meet and confer to devise mutually acceptable and accurate forms of notice within 45 days of the Court's order, consistent with the legal points set forth herein.  In the alternative,

Defendants request that the Court amend the aforementioned documents to correct the numerous

deficiencies addressed above.


Dated: New York, New York
       July 12, 2016

                                   Respectfully Submitted,

                                   COLLAZO FLORENTINO & KEIL LLP

                                   By:      /s/ Philip F. Repash
                                            Philip F. Repash
                                            Kristina T. Grimshaw
                                            Amanda M. Baker
                                            Attorneys for Defendants
                                            Visiting Nurse Service of New York
                                            and VNS CHOICE
                                            747 Third Avenue, 25th Floor
                                            New York, New York 10017
                                            (212) 758-7600

12