# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
SCOTT SAVINO and LUIS COLON,                                :   Case No. 15-cv-9451 (HBP)
on behalf of themselves and all others similarly situated,  :
                                                            :
                           Plaintiffs,                      :
                                                            :
        -against-                                           :
                                                            :
                                                            :
VISITING NURSE SERVICE OF NEW YORK, and                     :
VNS CHOICE,                                                 :
                                                            :
                           Defendants.                      :
------------------------------------------------------------x
```

## SETTLEMENT AGREEMENT

Plaintiffs Scott Savino and Luis Colon, and opt-in Plaintiffs Natasha Barbara, Naama Francois, Iris Vega, and Juan G. DeJesus, on behalf of themselves and all of their heirs, executors, administrators, beneficiaries, successors, and assigns, (collectively, "Plaintiffs"), and Defendants Visiting Nurse Service of New York and VNS CHOICE, (collectively, "Defendants") (Defendants and Plaintiffs are hereinafter jointly referred to as "Parties," and separately as a "Party"), hereby agree upon this Settlement Agreement ("Agreement") as a resolution of all issues involved herein as follows:

1. **Preliminary Matters.** The Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, Shulman Kessler LLP, in order to obtain advice with respect to the terms of this Agreement, and have had the opportunity to consider their legal counsel's advice with respect to the foregoing and following Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms.

1

2. **No Admission of Liability.** The Parties recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to the Plaintiffs, or to anyone else as a result of or growing out of the matters set forth in the complaint styled *Savino et al. v. Visiting Nurse Service of New York et al.*, Civil Action No. 15-cv-9451 (AT)(HBP), and filed in the United States District Court for the Southern District of New York ("Pending Action"), or which could have been raised in such suit, or which otherwise involve the Plaintiffs' employment relationships with Defendants.

3. **Dismissal of Pending Action.** For and in consideration of the promises of Defendants set forth in this Agreement, the receipt and sufficiency of which the Plaintiffs acknowledge, and subject to Court approval of this Settlement Agreement, the Plaintiffs agree: (1) to dismiss, or cause to be dismissed, the Pending Action with prejudice as to the Plaintiffs; and (2) not to re-file the causes of action asserted in the Pending Action, or any other causes of action against Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action. Plaintiffs expressly authorize their counsel to execute the Stipulation and Order of Dismissal with Prejudice set forth in Exhibit A attached hereto and incorporated by reference, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or the full release of claims, and enforcement of the Agreement, as specified herein.

4. **Consideration.** For and in consideration of the promises of the Plaintiffs and set forth in this Agreement, Defendants agree to pay the Plaintiffs and their attorneys a total sum of one-hundred fifty thousand dollars ($150,000) as set forth and allocated in Section 9 below ("Settlement Payment"). The Parties acknowledge and agree that the Settlement Payment includes any claims for attorneys' fees, costs, penalties, and liquidated damages.

5. **Limited Release of Defendants by Plaintiffs.** For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Plaintiffs hereby fully and forever release, relieve, waive, relinquish, and discharge Defendants, along with their past, present, and future parents, subsidiaries, affiliates and related entities, and their respective past and present agents, attorneys, officers, directors, owners, shareholders, members, investors, employees, representatives, successors and assigns, and anyone acting in concert with any of them (collectively, "Releasees"), from any and all Fair Labor Standards Act and New York Labor Law (including Section 195 thereof) wage-and-hour claims, from the beginning of the world through the date of Plaintiffs' execution of this Release. Plaintiffs acknowledge and agree that this Limited Release is an essential and material term of this Agreement and that without such release Defendants would not have agreed to the terms of this Agreement.

6. **No Entitlement to Payments or Benefits Outside this Agreement.** Plaintiffs expressly understand and agree that, absent this Agreement, they would not otherwise be entitled to the consideration specified in Section 9 of this Agreement. Further, Plaintiffs agree that they are not entitled to any payments and/or benefits from Defendants relating to this Agreement or the Pending Action that are not specifically listed in this Agreement.

7. **Allocation of Payments.** The Parties have determined that portions of the payments to each Plaintiff shall be treated as earnings subject to IRS Form W-2 reporting, and other portions as earnings subject to IRS Form 1099 and, therefore normal payroll taxes and withholdings will be deducted pursuant to local, state, and federal law for the W-2 payments. Plaintiffs' attorneys' fees shall be reported as 1099 income to Plaintiffs' counsel. Defendants shall be

responsible for preparing all IRS Forms W-2 and IRS Forms 1099. Plaintiffs' counsel shall be responsible for preparing all notices, mailings, claims, and administration in accordance with this Agreement. Plaintiffs' counsel and Defendants' counsel do not intend this Agreement to constitute legal advice regarding the tax consequences of these payments. Plaintiffs agree that they have not relied on any advice from Defendants or their attorneys concerning the tax consequences of payments made pursuant to this Agreement. Plaintiffs acknowledge that Defendants must report to the IRS (as well as state and local taxing authorities where applicable) all payments made pursuant to this Agreement, and that all such payments will be reported via IRS Forms W-2 and IRS Forms 1099 as set forth in the Agreement. Plaintiffs will assume any and all responsibilities for taxes which may be imposed by any taxing authority in connection with the amounts they receive pursuant to this Agreement. Plaintiffs agree to indemnify Defendants and will hold harmless Defendants for any taxes and penalties that may result from the tax treatment of payments pursuant to this Agreement in connection to the amounts that each Plaintiff receives pursuant to this Agreement.

8. **Court Approval of Settlement.** The Parties shall submit this Agreement to the Court for the Court's Approval.

9. **Settlement Payments.** The full amount of one hundred fifty thousand dollars ($150,000) shall include the individual settlement amounts set forth herein in Section 9(a) for Plaintiffs ("Individual Settlement Amounts"), and the attorneys' fees and costs set forth in Section 9(b) ("Attorneys' Fees and Costs"). Defendants shall pay all monies due to Plaintiffs and their counsel within thirty (30) days of the date that all of the Plaintiffs have executed this Agreement, or within thirty (30) days after the Court's entry of an Order of Dismissal with

Prejudice of the Pending Action, whichever is later. All payments shall be delivered by overnight courier to Shulman Kessler LLP, 534 Broadhollow Road, Suite 275, Melville, New York 11747, to the attention of Troy L. Kessler.

    a.    **Individual Settlement Amounts.** Defendants shall pay the following Individual Settlement Amounts to the Plaintiffs, totaling $97,804.89:

        i. Scott Savino: $33,597.03. This payment will be issued in two checks, one in the amount of $16,798.51 for back pay damages, less applicable withholdings required by law; and one payable in the amount of $16,798.52 in settlement of all claims for liquidated damages.

        ii. Luis Colon: $6,074.72. This payment will be issued in two checks, one in the amount of $3,037.36 for back pay damages, less applicable withholdings required by law; and one payable in the amount of $3,037.36 in settlement of all claims for liquidated damages.

        iii. Natasha Barbara: $16,950.25. This payment will be issued in two checks, one in the amount of $8,475.12 for back pay damages, less applicable withholdings required by law; and one payable in the amount of $8,475.13 in settlement of all claims for liquidated damages.

        iv. Naama Francois: $31,793.03. This payment will be issued in two checks, one in the amount of $15,896.51 for back pay damages, less applicable withholdings required by law;

       and one payable in the amount of $15,896.52 in settlement of all claims for liquidated damages.

   v. Iris Vega: $2,876.86. This payment will be issued in two checks, one in the amount of $1,438.43 for back pay damages, less applicable withholdings required by law; and one payable in the amount of $1,438.43 in settlement of all claims for liquidated damages.

   vi. Juan De Jesus: $6,513.00. This payment will be issued in two checks, one in the amount of $3,256.50 for back pay damages, less applicable withholdings required by law; and one payable in the amount of $3,256.50 in settlement of all claims for liquidated damages.

b. **Attorneys' Fees and Costs.** Defendants shall pay a total of $52,195.11 to Shulman Kessler LLP for Plaintiffs' Attorneys' Fees and Costs, pursuant to Paragraph 9 above, which shall be paid according to the schedule set forth herein with respect to payments of the Individual Settlement Amounts to Plaintiffs.

10. **Governing Law.** All terms of this Agreement and exhibits hereto shall be governed by and interpreted according to the Federal Rules of Civil Procedure and the FLSA, where applicable, and the laws of the State of New York, without regard to conflict of laws principles.

11. **Continuing Jurisdiction and Venue.** The Parties request that the Court retain jurisdiction over any disputes arising out of or related to this Agreement. However, if the Court should refuse or decline to accept continuing jurisdiction, the Parties agree that this Agreement may

be enforced in any court of competent jurisdiction located in the State of New York, County of New York. The District Court's refusal to retain jurisdiction over the settlement shall not void or otherwise affect this Agreement.

12. **Status of Settlement if Case is Not Ultimately Dismissed.** In the event that the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any of its rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding the foregoing, the Parties can agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Pending Action with Prejudice.

13. **Acknowledgments.** It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including but not limited to, the full and final release effectuated thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that the Attorneys' Fees portion of the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this agreement and that they are executing this Agreement knowingly and voluntarily. Plaintiffs

acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

14. **Cooperation and Drafting.** Each of the Parties has cooperated in the drafting and preparations of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.

15. **No Other Representations or Agreements; Entire Agreement.** Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement, including the attached exhibits, constitutes a single integrated contract expressing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, express or implied, among the Parties concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties, and supersedes and replaces all prior negotiations and agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This Agreement is an integrated document. Notwithstanding the foregoing, nothing in this Agreement supersedes or negates any agreements between any of the parties or their counsel regarding the confidentiality of information provided in the course of discovery and the production of electronically stored information.

16. **No Modification Except in Writing.** This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

17. **Headings.** The headings used herein are for reference only and shall not in anyway affect the meaning or interpretation of this Agreement.

18. **Prevailing Party Fees.** In the event of any litigation to enforce this Agreement or otherwise regarding a breach of the terms of this Agreement in which one Party is found to be in breach of a term(s) of this Agreement, the non-breaching Party shall be entitled to receive from the Party in breach reasonable attorneys' fees and costs up through and including the appellate process.

19. **Execution in Counterparts.** This Agreement may be executed in counterparts by each Party and each executed Agreement, when taken together, shall constitute a complete Agreement. Photocopied, electronic signatures via DocUSign, and/or facsimile signatures shall be deemed originals for all purposes.

20. **Inadmissibility of Settlement Agreement.** Except for purposes of settling the Pending Action pursuant to the terms of this Agreement and enforcing the Agreement, neither the Agreement, nor any of its terms or Exhibits, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendants, including but not limited to, evidence of presumption, concession, indication or admission by Defendants of any liability, fault, wrongdoing, omissions, concession, or damage.

21. The Agreement and the terms contained herein are contractual in nature, and not mere recitals. The terms of this Agreement shall inure to the benefit of the Parties and their respective successors, assigns, administrators, and trustees.

22. The failure to enforce any section or subsection hereof shall not constitute a waiver of such section or subsection.

23. This Agreement shall not constitute a precedent with respect to any other party's dealings with Defendants.

24. **Plaintiffs' Knowing and Voluntary Release of Claims.** Plaintiffs acknowledge that they:

    a.    Have carefully read and fully understand all of the provisions of this Agreement;

    b.    Understand that all consideration they are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause them to sign it;

    c.    Knowingly and voluntarily intend to be legally bound by this Agreement;

    d.    Knowingly and voluntarily agree to all of the terms set forth in the Agreement;

    e.    Were advised to consult with counsel, and in fact, have consulted with counsel, prior to executing this Agreement;

    f.    Are signing this Agreement knowingly and voluntarily, and without any coercion or duress; and

    g.    Are duly authorized and have full authority to execute this Agreement.

In WITNESS WHEREOF, the Parties hereto have executed, or caused their duty authorized officers to execute, this Agreement as of the dates set forth below.

For Plaintiffs:

SCOTT SAVINO

*/s/ Scott Savino*
—77DF86510422496...

Dated: 2/7/2017

LUIS COLON

_____    Dated: _____

NATASHA BARBARA

_____    Dated: _____

10

24. **Plaintiffs' Knowing and Voluntary Release of Claims.** Plaintiffs acknowledge that they:

a.  Have carefully read and fully understand all of the provisions of this Agreement;

b.  Understand that all consideration they are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause them to sign it;

c.  Knowingly and voluntarily intend to be legally bound by this Agreement;

d.  Knowingly and voluntarily agree to all of the terms set forth in the Agreement;

e.  Were advised to consult with counsel, and in fact, have consulted with counsel, prior to executing this Agreement;

f.  Are signing this Agreement knowingly and voluntarily, and without any coercion or duress; and

g.  Are duly authorized and have full authority to execute this Agreement.

In WITNESS WHEREOF, the Parties hereto have executed, or caused their duty authorized officers to execute, this Agreement as of the dates set forth below.

For Plaintiffs:

SCOTT SAVINO

_____           Dated: _____

LUIS COLON

*Luis Colon* (DocuSigned, F06A1FBB957043D...)           Dated: 2/7/2017

NATASHA BARBARA

_____           Dated: _____

10

DocuSign Envelope ID: FACF1E14-98F6-48B8-A039-B7626005A9A0
Case 1:15-cv-09451-HBP   Document 69-2   Filed 02/17/17   Page 13 of 20

24. **Plaintiffs' Knowing and Voluntary Release of Claims.** Plaintiffs acknowledge that they:

    a.    Have carefully read and fully understand all of the provisions of this Agreement;

    b.    Understand that all consideration they are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause them to sign it;

    c.    Knowingly and voluntarily intend to be legally bound by this Agreement;

    d.    Knowingly and voluntarily agree to all of the terms set forth in the Agreement;

    e.    Were advised to consult with counsel, and in fact, have consulted with counsel, prior to executing this Agreement;

    f.    Are signing this Agreement knowingly and voluntarily, and without any coercion or duress; and

    g.    Are duly authorized and have full authority to execute this Agreement.

In WITNESS WHEREOF, the Parties hereto have executed, or caused their duty authorized officers to execute, this Agreement as of the dates set forth below.

For Plaintiffs:

SCOTT SAVINO

_____    Dated: _____

LUIS COLON

_____    Dated: _____

NATASHA BARBARA

/s/ Natasha Barbara    Dated: 2/7/2017

10

NAAMA FRANCOIS

_____          Dated: 2/7/2017 _____


IRIS VEGA

_____          Dated: _____


JUAN G. DEJESUS

_____          Dated: _____

For Defendants:

VISITING NURSE SERVICE OF NEW YORK

_____          Dated: _____

VNS CHOICE

_____          Dated: _____

11

NAAMA FRANCOIS

_____  Dated: _____

IRIS VEGA

*Iris Vega*
D6B97130E4FD48C... Dated: 2/7/2017

JUAN G. DEJESUS

_____  Dated: _____

For Defendants:

VISITING NURSE SERVICE OF NEW YORK

_____  Dated: _____

VNS CHOICE

_____  Dated: _____

NAAMA FRANCOIS

_____    Dated: _____

IRIS VEGA

_____    Dated: _____

JUAN G. DEJESUS
*Juan Gabriel De Jesus*    Dated: 2/7/2017

For Defendants:

VISITING NURSE SERVICE OF NEW YORK

_____    Dated: _____

VNS CHOICE

_____    Dated: _____

11

NAAMA FRANCOIS

_____          Dated: _____

IRIS VEGA

_____          Dated: _____

JUAN G. DEJESUS

_____          Dated: _____

For Defendants:

VISITING NURSE SERVICE OF NEW YORK

_____/s/_____          Dated: 2/14/17

VNS CHOICE

_____/s/_____          Dated: 2/14/17

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SCOTT SAVINO and LUIS COLON,
on behalf of themselves and all others similarly situated,

                *Plaintiffs*,

   -against-

VISITING NURSE SERVICE OF NEW YORK, and
VNS CHOICE,

                *Defendants.*
-------------------------------------------------------------x

Case No. 15-cv-9451 (HBP)

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS**, on April 14, 2016, Plaintiffs Scott Savino and Luis Colon ("Plaintiffs") filed a Third Amended Collective Action Complaint, which asserted claims pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants Visiting Nurse Service of New York and VNS CHOICE ("Defendants").

**WHEREAS**, the action was commenced as a putative collective action under the FLSA, and Plaintiffs sought and obtained conditional certification of the action under 29 U.S.C. § 216(b) by Order dated September 1, 2016;

**WHEREAS**, on or about September 15, 2016 Plaintiffs distributed a Court-authorized Notice of Pendency of Lawsuit, pursuant to 29 U.S.C. § 216(b), to all current and former Community Outreach Coordinators, who worked for either of the Defendants in New York State at any time from to September 1, 2013 until on or about September 15, 2016.

**WHEREAS**, Natasha Barbara, Naama Francois, Iris Vega, and Juan G. DeJesus filed notices of consent to join this matter (hereinafter "Opt-in Plaintiffs").

1

WHEREAS, the parties reached a settlement of Plaintiffs and Opt-in Plaintiffs' claims through arms-length negotiations and have entered into a Settlement Agreement ("Agreement") memorializing the parties' settlement; and

WHEREAS, the terms of the Agreement, which are incorporated herein by reference, have been reviewed by the Court and determined to be a fair and reasonable resolution of a bona fide dispute over a provision or provisions of the FLSA and the NYLL.

Now, therefore, it is hereby stipulated and agreed, by and between the undersigned counsel for Plaintiffs and Defendants, that this action is hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, with no award of counsel fees or costs by the Court to either side. The Court agrees to retain jurisdiction over the enforcement of this Agreement.

Dated: Melville, New York
February 17, 2017

SHULMAN KESSLER LLP

By: _____
Marijana Matura
534 Broadhollow Road
Suite 275
Melville, NY 11747
(631) 499-9100
*Attorneys for Plaintiffs and
The FLSA Collective*

Dated: New York, New York
February 17, 2017

COLLAZO FLORENTINO & KEIL LLP

By: John P. Keil
John P. Keil
747 Third Avenue, 25th Floor
New York, NY 10017
(212) 758-7600
*Attorneys for Defendants
Visiting Nurse Service of New York
And VNS CHOICE*

SO ORDERED:

_____
Henry B. Pitman, U.S.M.J.