```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                    :
SCOTT SAVINO and LUIS COLON,        :
on behalf of themselves and         :
others similarly situated, et al.,  :
                                    :   15 Civ. 9451 (HBP)
                      Plaintiffs,   :
                                    :   OPINION
     -against-                      :   AND ORDER
                                    :
VISITING NURSE SERVICE OF NEW       :
YORK and VNS CHOICE,                :
                                    :
                      Defendants.   :
                                    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/17

PITMAN, United States Magistrate Judge:

This matter is before me on a joint application to approve the parties' settlement (Docket Item ("D.I.") 69). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

The parties reached their proposed settlement before I could schedule a settlement conference, and my knowledge of the underlying facts and the justification for the settlement is, therefore, limited to the complaint and counsels' representations in their application seeking settlement approval.

Plaintiffs formerly worked for defendants as Community Outreach Coordinators ("COCs")[1] and seek, by this action, to recover unpaid overtime premium pay. Plaintiffs assert their claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law (the "NYLL"). Plaintiffs also assert claims based on defendants' alleged failure to maintain certain records and to provide certain notices under the Wage Theft Prevention Act. The action was commenced as a collective action with respect to the FLSA claim, and the parties stipulated to the matter proceeding as a collective action.[2]

Defendants deny plaintiffs' allegations. They contend that plaintiffs worked less than 40 hours per week, as demonstrated by their weekly schedules, and that plaintiffs were exempt from the federal and state overtime requirements.

---

[1] COCs were employed "to report to local community based organizations in order to distribute information regarding Defendants and the health insurance programs offered during health fairs, galas, and community events. [They were] also responsible for requesting permission from community based organizations so that they may setup [sic] promotional tables, decorations, banners, and distribute promotional brochures at community events" (Third Amended Collective Action Complaint, dated Apr. 14, 2016 (D.I. 40) ¶ 3).

[2] Although the action was commenced as a putative class action with respect to the Labor Law claims, the parties reached the proposed settlement prior to the matter being certified as a class action.

The parties reached their proposed settlement after a 10-hour mediation session before Vivian Berger, Esq., who counsel describes as "a well-known employment mediator" (Letter from Marijana Matura, Esq., and John Keil, Esq., to the undersigned, dated Feb. 17, 2017 (D.I. 69) ("Matura Letter"), at 2). The parties agreed to resolve the dispute for a total settlement amount of $150,000.00, to be distributed among plaintiffs on a pro rata basis. The parties have also agreed that $3,300.00 of the settlement figure will be allocated to reimburse plaintiffs' counsel for their out-of-pocket costs, $48,895.11 (or one-third) of the remaining $146,700.00 will be paid to plaintiffs' counsel and the balance will be paid to plaintiffs. The amount claimed by each plaintiff[3] and the net amount that will be received by each plaintiff after deduction for legals fees and costs are as follows:

| Plaintiff | Amount Claimed | Net Settlement Amount |
| --- | --- | --- |
| Scott Savino | $111,233.35 | $33,597.03 |
| Luis Colon | $19,837.50 | $6,074.72 |
| Natasha Barbara | $55,352.51 | $16,950.25 |

---

[3] The amount claimed by each of the plaintiffs includes the allegedly unpaid overtime, liquidated damages and interest. It does not include statutory damages for alleged violations of New York's Wage Theft Prevention Act (Matura Letter, Ex. 7).

3

| | | |
|---|---|---|
| Naama Francois | $104,958.54 | $31,793.03 |
| Juan G. DeJesus | $21,268.72 | $6,513.00 |
| Iris Vega | $9,394.63 | $2,876.86 |
| **TOTAL** | **$322,045.25** | **$97,804.89** |

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54.

4

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

First, although the net settlement represents approximately 30% of plaintiffs' claimed damages, that fact does not render it deficient. A majority of plaintiffs' weekly schedules showed less than forty hours worked each week. Additionally, defendants argue that plaintiffs were exempt from the overtime requirements and are, therefore, entitled to no damages for overtime work. As discussed in more detail below, given the risks these issues present, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. If the case were to

proceed, the parties would need to review 230,000 documents that exist in electronic form ("ESI"), exchange all responsive ESI and conduct depositions (Matura Letter, Ex. 1 ¶ 21). The settlement avoids the necessity of conducting this discovery.

Third, the settlement will enable plaintiffs to avoid the risks of litigation. As noted above, plaintiffs' weekly schedules typically showed less than forty hours worked each week. Additionally, defendants take the position that plaintiffs were exempt employees and, therefore, not entitled to overtime. The Secretary of Labor's regulations implementing the FLSA state that administrative employees generally qualify as exempt employees. Davis v. J.P. Morgan Chase & Co., 587 F.3d 529, 531-32 (2d Cir. 2009). However, the law is also clear that an employee's title, by itself, is not determinative of whether he or she is exempt from the overtime requirements; instead, the court must examine the nature of the employee's duties. Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 105 (2d Cir. 2010); Moran v. GTL Constr., LLC, 06 Civ. 168 (SCR), 2007 WL 2142343 at *2 (S.D.N.Y. July 24, 2007) (Robinson, D.J.). Litigation would, therefore, require testimony as to the nature of plaintiffs' duties, which would raise issues of credibility. Additionally, the only case to address whether COCs are exempt employees, Viola v. Comprehensive Health Mgmt., Inc., No. 8:09-cv-1980-T-23AEP,

2010 WL 5463080 at *5 (M.D. Fla. Dec. 29, 2010), aff'd, 441 F. App'x 660 (11th Cir. 2011) (per curiam), found that COCs were exempt. Thus, whether plaintiffs would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted; assessing fairness of class action settlement)).

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel (Matura Letter, at 4 & Ex. 1 ¶¶ 23, 26-44)

Fifth, there are no factors here that suggest the existence of fraud or collusion. The likelihood of fraud or

7

collusion is also lessened by the fact that the settlement was reached before a mediator.

The settlement agreement also contains a release. It provides that plaintiffs release defendants from "any and all [FLSA] and [NYLL] (including Section 195 thereof) wage-and-hour claims, from the beginning of the world through the date of Plaintiffs' execution of this release" (Matura Letter, Ex. 2 § 5). Such a release, although unlimited in duration, is permissible because it is limited to wage-and-hour claims arising under the FLSA and NYLL. See, e.g, Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.) (approving release that included both known and unknown claims and was limited to wage and hour claims-); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.) (approving release that included both known and unknown claims and claims through the date of the settlement that was limited to wage and hour issues; rejecting other release that included both known and unknown claims and claims through the date of the settlement that was not limited to wage and hour issues); Alvarez v. Michael Anthony George Constr. Corp., No. 11 CV 1012 (DRH)(AKT), 2015 WL 10353124 at *1 (E.D.N.Y. Aug. 27, 2015) (rejecting release of all claims "whether known or unknown,

arising up to and as of the date of the execution of this Agreement" because it included "the release of claims unrelated to wage and hour issues" (internal quotation marks omitted)).

The settlement agreement also provides that, after deduction of out-of-pocket costs, one-third of the total settlement amount will be paid to plaintiffs' counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of

9

the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Court shall retain jurisdiction to enforce the settlement agreement. See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). The Clerk of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
June 6, 2017

SO ORDERED

*signature*

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record